**SO ORDERED.**
**SIGNED this 30th day of July, 2012**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_Shelley D. Rucker_
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | |
| MICKEY JAY WOFFORD, and<br>ROBIN MELISSA WOFFORD | No. 08-13410<br>Chapter 13 |
|     Debtors; | |
| MICKEY JAY WOFFORD, ROBIN<br>MELISSA WOFFORD, Debtors,<br>and C. KENNETH STILL, Trustee, | |
|     Plaintiff, | |
| v. | Adversary Proceeding<br>No. 11-1167 |
| JPMORGAN CHASE BANK, N.A.,<br>successor by merger to Chase Home<br>Finance, LLC | |
|     Defendant. | |

## MEMORANDUM

The defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance,

LLC ("Defendant" or "Chase") moves to dismiss the adversary complaint of the plaintiffs and

debtors Mickey Jay Wofford and Robin Melissa Wofford ("Plaintiffs" or "Debtors") and the trustee, C. Kenneth Still ("Trustee"), who is also listed as a plaintiff, pursuant to Fed. R. Civ. P. 12(b)(6), incorporated into adversary proceedings by Fed. R. Bankr. P. 7012. [Doc. No. 5].[1] The Debtors oppose the motion to dismiss. [Doc. No. 8]. Chase filed a reply to the Debtor's opposition briefing. [Doc. No. 11]. There is a contested matter related to this adversary proceeding. Chase has objected to the Debtor's Chapter 13 plan on the basis that the plan attempts to avoid Chase's lien *and* does not adequately protect Chase's lien interest.

The Debtors and the Trustee filed the complaint ("Complaint") which seeks to avoid the security interest of Chase in real property owned by the Debtors after the confirmation objection was filed. Chase contends that the Debtors and Trustee waited too long to bring the avoidance action, and it is thus barred by the statute of limitations. The Debtors and the Trustee assert that the perfection of Chase's lien was a postpetition action taken in violation of the automatic stay, and as such, is void. The Debtors have also objected to Chase's claim in this proceeding.

The court has reviewed the briefing filed by the parties, the pleadings at issue, and the applicable law and makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. Jurisdiction is proper before this court pursuant to 28 U.S.C. § 1334(c) and § 157(b)(2)(A), (F), and (G). The parties have both admitted that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

**I.  Background**

The Debtors executed a note payable to Primary Residential Mortgage, Inc. on February 11, 2008 for the original principal amount of $98,068 and granted a security interest in their

---

[1] All citations to the court's docket entries are for the docket pertaining to Adversary Proceeding 11-1167, unless otherwise noted.

residence pursuant to a Security Deed. [Bankr. Case No. 08-13410, Claim 19-1]. Although the original Security Deed is missing, the Debtors do not dispute that they granted a security interest in the residence and real property to Chase or its predecessors.

The Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on July 14, 2008. [Bankr. Case No. 08-13410, Doc. No. 1]. They obtained confirmation of a plan on September 5, 2009 (the "Plan") [Bankr. Case No. 08-13410, Doc. No. 26]. The Plan provided that Chase was a mortgage holder and would receive payments of $712.00 per month beginning in August 2008 and $35.00 monthly arrearage payments, with an estimated arrearage of $1500. It proposed the Debtors would pay $307.50 a week for 60 months. Unsecured creditors were to receive a pro rata dividend. *See id.*

Chase filed a proof of claim on March 2, 2009 (Claim no. 19)(the "Proof of Claim") designating the claim as secured and showing a claim amount of $99,187.91 and an arrearage of $1,689.90. An unrecorded security deed was attached to the Proof of Claim. See [Bankr. Case No. 08-13410, Claim No. 19-1]. According to Chase's memorandum supporting the motion to dismiss, also on March 2, 2009, "Chase filed an Affidavit of Facts Relating to Title (the "Affidavit") and a copy of the unrecorded Security Deed with the Clerk of the Superior Court for Walker County, Georgia, recorded of record in Book 1594, Page 50, and identified as Doc. ID# 00092720030. The Affidavit states that the whereabouts of the original Security Deed are not known or reasonably ascertainable." [Doc. No. 5-1, Memorandum in Support of Motion to Dismiss, p.2, ¶¶ 6-7]. It is unclear from the record whether Chase ever sent a copy of the Affidavit to the Debtors or the Trustee.

Neither the Debtors nor the Trustee objected to the Proof of Claim, and Chase was paid its maintenance payments and arrearage over the course of the Plan. On April 13, 2011, the Debtors

3

converted their case to a Chapter 7 case and Douglas R. Johnson was appointed as the Chapter 7 trustee. *See* [Doc. Nos. 54, 77]. Chase admits that "[w]hile Debtors were in the Chapter 7 Case, Debtors and/or the Chapter 7 Trustee became aware that Chase's Security Deed was unrecorded at the time of filing and that the Affidavit was recorded post-petition." [Doc. No. 5-1, Memorandum in Support of Motion to Dismiss, p. 2, ¶ 10].

On May 26, 2011 the court entered an order granting a motion to declare the Debtor Mickey Jay Wofford ineligible for discharge. [Bankr. Case No. 08-13410, Doc. No. 68]. On July 6, 2011, Debtors filed a Motion to Reconvert Case to Chapter 13. [Bankr. Case No. 08-13410, Doc. No. 83]. On August 5, 2011, the court granted the motion, and the case was reconverted. [Bankr. Case No. 08-13410, Doc. No. 91]. Debtors filed a Motion to Modify Chapter 13 Plan on August 16, 2011. [Bankr. Case No. 08-13410, Doc. No. 95]. The Modified Plan proposed to avoid Chase's lien. [Bankr. Case No. 08-13410, Doc. No. 95-1]. Although Chase objected to the confirmation of the Modified Plan, it was confirmed on October 12, 2011 with a de novo review set to be heard with this adversary proceeding. [Bankr. Case No. 08-13410, Doc. Nos. 107, 108].

The Modified Plan continues to propose to pay $307.50 a week for 60 months with a pro rata payment to unsecured creditors. The main difference is that there are no mortgage holder creditors listed in the plan. Chase is now included in the unsecured class. The debtors valued the house at $70,080 in their schedules. [Bankr. Case No. 08-13410, Doc. No. 1, p. 19]. The Modified Plan proposes to pay at least $70,000 for the benefit of unsecured creditors. [Bankr. Case No. 08-13410, Doc. No. 108]. In their bankruptcy petition, the Debtors listed that they owed $10,932.23 to unsecured creditors. [Bankr. Case No. 08-13410, Doc. No. 1, Schedule F, p. 34]. They listed secured debts of $132,486.92 and $700 of priority debt. Of the secured debt, Chase's claim of $99,500 is a substantial portion of that secured debt. If that amount is treated as

4

unsecured, there would $110,432.23 owed to unsecured creditors who will receive at least $70,000.

The Debtors instituted this Complaint on December 14, 2011, a date substantially after two years after the entry of the order of relief on July 14, 2008 when the Debtors filed their first bankruptcy petition. [Bankr. Case No. 08-13410, Doc. No. 1]. Although the caption of the Complaint reflects that the Trustee is also a party, he did not sign the complaint and is not referenced as a party in the complaint.

The Defendant asserts that it is the first mortgage holder of the Debtor's residence located in LaFayette, Georgia. The Debtors disagree that the Defendant has a validly perfected lien on their home. The Debtors claim that Chase's lien is void pursuant to 11 U.S.C. § 544 and § 547(b) and (e). The Debtors also contend that the post petition perfection is void because that action violated the automatic stay of 11 U.S.C. §362(a). They assert that Chase's claim may only be treated as unsecured debt and that the value of the property should be paid into their Chapter 13 plan for distribution to unsecured creditors. The Debtors also object to the allowance of Chase's claim as secured in their Complaint. *See* Complaint, at ¶ 7.

**II.      Standard of Review**

Federal Rule of Bankruptcy Procedure 7012(b) states that Federal Rule of Civil Procedure 12(b) applies to adversary proceedings. *See* Fed. R. Bankr. P. 7012(b). Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "treat as true all of the well-pleaded allegations of the complaint." *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff.

*Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The court will thus review the motion to dismiss by assuming the facts as alleged by the Debtor.

**III.    Analysis**

    **A.    Material Elements of Sections 544 and 547 Claims**

The Debtors allege that Chase's lien is avoidable under sections 544 and 547 of the Bankruptcy Code. 11 U.S.C. § 544 provides that the trustee has the status of a bonafide purchaser who purchased the real property on the date of the commencement of the case. The trustee may avoid any transfer that a bonafide purchaser could defeat. 11 U.S.C. § 544(a)(3). Here, on the commencement date there was no lien on record, and the trustee would have taken title free and clear of Chase's lien.

11 U.S.C. § 547(a) provides that a trustee may avoid any transfer of an interest in property of the debtor that was made in the 90 days before the filing of the bankruptcy petition if such transfer was made to or for the benefit of a creditor and allowed the creditor to receive more than it would have received in a Chapter 7 liquidation. *See* 11 U.S.C. § 547(a). Although the granting of the security interest and the delivery of the security deed occurred outside the ninety day window, section 547(e) provides a specific transfer date when the transfer has not been perfected prior to the

commencement of the case. In that situation, the date of the transfer is deemed made "immediately before the date of the filing of the petition". 11 U.S.C. § 547(e)(2)(C). It appears from the undisputed facts and the application of section 547(e) that Chase received a lien in the Debtor's property immediately prior to the filing of the petition on account of a debt obligation incurred prior to the transfer. Since the Debtors are not proposing to pay unsecured creditors 100%, that lien would enable Chase to receive more that it would have received in a liquidation. The Debtors' have sufficiently alleged the material elements of an avoidable transfer under either section 544 or 547.

### B.    The Statute of Limitations Bars Avoidance of the Transfer

For purposes of this motion, Chase does not contest that an avoidable transfer occurred but that the avoidance powers of those two sections may no longer be exercised by the trustee or the Debtors. It asserts that the Debtors' Complaint must be dismissed because they failed to bring their action to avoid the security deed under 11 U.S.C. § 544 or § 547 within the relevant statute of limitations. Chase relies on the statute of limitations for Section 544 and 547 actions found in section 546 which provides that:

> (a) An action or proceeding under section **544**, 545, **547**, 548, or 553 of this title may not be commenced after the earlier of—
> (1) the later of –
> (A) 2 years after the entry of the order for relief; or
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a)(emphasis added). Here, the date two years after the entry of the order for relief sets the statute of limitations. The "commencement of a voluntary case under a chapter of this title constitutes an order for relief . . . ." 11 U.S.C. § 301(b). The Debtors and the Trustee filed their

7

Complaint on December 14, 2011, well after the expiration of two years following the filing of their initial bankruptcy petition on July 14, 2008. Chase further argues that the conversion of the case from Chapter 13 to Chapter 7 and back to a Chapter 13 does not affect the date of the entry of the order for relief for statute of limitations purposes. The court agrees. Section 348 of the Bankruptcy Code provides that conversion has no effect on the date of the order for relief. 11 U.S.C. § 348(a). That section contains no specific provisions or special rules for calculating the appropriate period of limitations for avoidance actions in the event of conversion as it does for determining property of the estate or the meaning of "order for relief under this chapter." 11 U.S.C. § 348(b). *Murphy v. Wray, (In re Wray)*, 258 B.R. 777, 781 (Bankr. D. Idaho 2001). Section 546 "prescribes a specific time limitation within which such an action must be brought." *Edmondson v. Frasier (In re Frasier)*, 47 B.R. 864, 866 (Bankr. M.D. Tenn. 1985). Further, the statute of limitations is not tolled by the appointment of a new trustee:

> The plain language of Section 546(a) makes it clear that the statute of limitations runs from the date the first trustee is appointed. Any subsequently appointed trustee is subject to the original statute of limitations and does not receive a new period within which to initiate avoidance actions.

*Lee v. National Home Ctrs., Inc. (In re Bodenstein)*, 253 B.R. 46, 50 n.6 (B.A.P. 8th Cir. 2000) (citing *McCuskey v. Central Trailer Servs., Ltd.*, 37 F.3d 1329, 1332 (8th Cir. 1994)). *See also, In re Wray*, 258 B.R. at 781 (Bankr. D. Idaho 2001).

Therefore, according to the plain language of Section 546(a), the Debtors' avoidance powers pursuant to Sections 544 and 547 are barred by the statute of limitations. The court further concludes that the Debtors have not alleged facts sufficient to support a finding that the doctrine of equitable tolling should apply to the statute of limitations. They do not argue that the statute of limitations should be tolled nor do they argue that they did not discover Chase's belated recording

8

of its deed until after the two-year statute of limitations had expired. In *In re McKenzie*, this court explored the doctrine of equitable tolling as it applied to Section 546. No. 08-16378, 2011 WL 6140516, at *30 (Bankr. E.D. Tenn. Dec. 9, 2011). This court noted that:

> "Strictly defined, equitable tolling is [t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." . . . "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control . . . [but a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." . . . "When determining whether to apply the doctrine of equitable tolling, courts consider the following factors: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement."

*Id.* at *30 (quoting *Newton v. Wells Fargo Financial, Inc. (In re Dill)*, No. 07-3125, 2008 WL 2357237 at *3 (Bankr. E.D. Tenn. 2008)) (other quotations omitted). The Plaintiffs have not asserted that the doctrine of equitable estoppel should apply and have failed to argue that the factors weighing in favor of equitable estoppel are present here.

For these reasons, the Debtors' Section 544 and Section 547 claims will be DISMISSED.

### C.    Section 549 Does Not Apply and the Automatic Stay of 11 U.S.C. § 362(a) Does Not Provide an Alternative Way to Extend the Statute of Limitations.

Both Chase and the Debtors discuss 11 U.S.C. § 549 in their briefing; however, the complaint does not contain any allegations regarding section 549. The Debtors approach the recording of the security deed as an action to collect a debt which should be treated as void since it occurred post petition in violation of the stay. The court agrees that the recording violated the stay; however, the Debtors have not filed a motion for contempt. The gravamen of their Complaint is that Chase perfected its lien by filing the security deed post petition, and the Debtors want the lien to be treated as void. They argue that the court should void the recording and therefore hold that no

9

transfer of the security interest ever occurred. The Debtors' argument is not supported by Georgia real estate law. The lien still exists since the transfer of the security interest occurred well before this case was commenced. *See Rector, Wardens, Vestrymen of Christ Church in Savannah v. Bishop of the Episcopal Diocese of Georgia, Inc.*, 718 S.E.2d 237, 268 (Ga. Sup. Ct. 2011); *Curry v. Curry*, 473 S.E.2d 760, 762 (Ga. Sup. Ct. 1996) (noting that "[a]mong the essential elements of a deed are a written instrument, description identifying the land, grantor's signature, and delivery to the grantee") (citing 2 George A. Pindar and Georgine S. Pindar, Georgia Real Estate Law and Procedure § 19-15 (4th ed. 1993)); *See also,* 2 Daniel F. Hinkel, Pindar's Georgia Real Estate Law and Procedure § 21-18 (6th ed. 2012) (noting that "a security deed is valid between the parties without recording, but in order to provide constructive notice to third persons, it must be filed for record in the office of the superior court clerk of the county where the land lies"). Having found that the transfer of the interest occurred prepetition, the court also grants Chase's motion to dismiss the Debtors' claims that the lien should be avoided to the extent that they seek avoidance of the lien on the basis that its perfection occurred post petition.

    **D.    The Debtors' Objection to Claim is Not Barred by the Statute of Limitations in Section 546(a)**

In their Complaint the Debtors note that they "also file their objection to the claim of JP Morgan Chase Bank, N.A." Complaint, p. 3. They assert in the Complaint that the security deed should be avoided and argue in the alternative that the recording of the lien post-petition violates the automatic stay, Section 362, of the Bankruptcy Code. Although the court has found the lien cannot be avoided under 11 U.S.C. § 544, 547, or 549, that conclusion does not necessarily resolve an objection to allowance of the claim. In the related contested matter involving Chase's objection to the plan, the parties are also arguing about whether the Debtors must make plan payments to

10

provide adequate protection of Chase's lien interest. The court finds that its decision in *In re McKenzie*, 2011 WL 6140516, is pertinent to Debtors' objection. In that case this court addressed whether a trustee could "use his status defensively to ensure an equitable distribution to all creditors." *Id.* at *26. The court explored the "two opposing lines of authorities which address whether the trustee's status as a judgment lien creditor or his avoiding powers may be used 'defensively' to support an objection to a creditor's proof of claim." *Id.* at *27. The court reviewed the majority view as demonstrated by the opinion in *In the Matter of Mid Atlantic Fund, Inc.*, 60 B.R. 604 (Bankr. S.D.N.Y. 1986). In that case the trustee argued that he was relying on 11 U.S.C. § 502(d) to "cause the disallowance of the Creditors' claim." 60 B.R. at 607. 11 U.S.C. § 502(d) provides that:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d). The bankruptcy court in *Mid Atlantic Fund* reviewed the question of whether Section 502(d) provided the trustee a way to object to a claim defensively without the use of Section 544.

> There is no dispute that the statute of limitations provided in Code § 546 has expired for the commencement of avoidance actions or proceedings. Here, however, the Trustee has not commenced an avoidance action but has merely relied defensively on Code § 502(d). Nor is this mere word parsing as a trustee is not entitled to an affirmative recovery under Code § 502(d). The purpose of Code § 502(d) is to preclude entities which have received voidable transfers from sharing in the distribution of the assets of the estate unless and until the voidable transfer has been returned to the estate. The idea of Code § 502(d) is not new with the Bankruptcy Code and was found in § 57g of the prior Bankruptcy Act. . . . The peremptory language of Code § 502(d) states that 'the court *shall* disallow' the claim. There is no stated time limit on when the trustee may object to a claim.

60 B.R. at 610. The bankruptcy court also made clear that it still makes sense to pay attention to the expiration of the statute of limitations pursuant to Section 546(a) because "[a] trustee is limited under Code § 502(d) to offsetting the claim asserted by the creditor." *Id.* at 611. After reviewing the relevant caselaw this court determined that the "majority of courts follows *Mid Atlantic Fund* and permits such defensive use of the trustee's status." *In re McKenzie*, 2011 WL 6140516 at *28. *See also, In re American Pie*, 361 B.R. 318 (Bankr. D. Mass. 2007); *In re McLean Indus., Inc.*, 196 B.R. 670, 676 (S.D.N.Y. 1996); *In re KF Dairies, Inc.*, 143 B.R. 734, 736 (B.A.P. 9th Cir. 1992); *In re Stoecker*, 143 B.R. 118, 131 (Bankr. N.D. Ill.), *aff'd*, 143 B.R. 879 (N.D. Ill. 1992); *In re Chase & Sanborn Corp.*, 124 B.R. 368, 370 (Bankr. S.D. Fla. 1991); *In re Minichello*, 120 B.R. 17, 19 (Bankr. M.D. Pa. 1990).

This court in *In re McKenzie* also relied on *In re Asia Global Crossing, Ltd.* for an explication of the rationale of the majority rule. 344 B.R. 247, 255 (Bankr. S.D.N.Y. 2006). This court quoted the *Asia Global Crossing* court, which noted:

> Any time a third party seeks to recover property of the estate, whether through a proof of claim, a turnover proceeding or the assertion of a superior interest in estate property, the third party is asserting a "claim" within the meaning of section 502(a). In those instances, the trustee can assert the estate's rights under § 502(d). This construction is consistent with the overarching principle of equality of distribution, and the specific purpose of § 502(d).
>
> Furthermore the cases involving the trustee's reliance on his strong arm powers under § 544(a) can be explained without regard to § 502(d). Section 544(a)(3) gives the trustee a status as well as an avoiding power. He is deemed to have the rights and powers of a *bona fide* purchaser, which he retains throughout the case and without regard to § 546(a)(1).

2011 WL 6140516 at *29 (quoting *In re Asia Global Crossing, Ltd.*, 344 B.R. at 255-56). After reviewing the reasoning of the line of cases following the minority position, this court decided to adhere to the majority position. It found the "[t]he trustee may use his status and his avoidance

powers defensively to prevent a distribution to [the creditor] on account of an otherwise avoidable transfer." 2011 WL 6140516 at *30. Thus, this court has previously held that expiration of the statute of limitations under Section 546(a) does not limit a trustee from objecting to a claim pursuant to Section 502(d).

In addition, the court concludes that the Debtors may maintain their objection to Chase's claim as an adversary proceeding. There are instances when certain actions, such as a motion for contempt, should be raised in the main case. *See e.g., Ricker v. Athens Regional Medical Ctr. (In re Ricker)*, No. 12-1032, 2012 WL 2562760, at *5 (Bankr. E.D. Tenn. June 29, 2012) (citing *French v. American General Financial Servs. (In re French)*, 401 B.R. 295, 315 n.9 (Bankr. E.D. Tenn. 2009)). However, adversary proceedings provide more procedural protections than a motion in the main case provides, and the Debtors' objection may proceed within the context of this adversary proceeding. As the bankruptcy court in *In re Sims* noted, "[t]he fact that the objections [to claims] were raised in the context of an adversary proceeding rather than as a contested matter does not render the objections invalid. Rule 3007 of the Federal Rules of Bankruptcy Procedure expressly provides that '[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.'" 278 B.R. at 467 (quoting Fed. R. Bankr. P. 3007). Here, the Debtors seek an order avoiding Chase's lien and changing its status from a secured creditor to an unsecured creditor in addition to objecting to the claim. *See* Complaint. Rule 7001 states that "a proceeding to determine the validity, priority, or extent of a lien or other interest in property, . . ." is an adversary proceeding. Therefore, Debtors' objection to claim was properly combined with its other claims into an adversary proceeding. *See In re Sims*, 278 B.R. at 467. To the extent that Chase's motion to dismiss also sought dismissal of the Debtors' objection to their

13

claim as being untimely, the motion will be DENIED. The Debtors may proceed to object to the allowance of Chase's claim. That objection will be heard with the objection to confirmation.

### IV.   Conclusion

As explained *supra*, the court will GRANT in part and DENY in part Chase's motion to dismiss. The court concludes that the Plaintiffs may not avoid Chase's lien pursuant to 11 U.S.C. § 544 and 11 U.S.C. § 547 because the statute of limitations set forth in 11 U.S.C. § 546(a) bars the avoidance actions. Those claims will be DISMISSED with prejudice. Chase's motion to dismiss such claims will be GRANTED. However, the Plaintiffs' objection to Chase's claim pursuant to 11 U.S.C. § 502 is not barred by the statute of limitations. The Plaintiffs are entitled to challenge the allowance of Chase's claim defensively. For this reason, the Plaintiffs' objection to Chase's claim may proceed in this adversary. The court will DENY Chase's motion to dismiss regarding the Plaintiffs' objection to Chase's claim.

A separate order will enter.

# # #